TROY LAW, PLLC
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
JEANNETTE FIGUEROA,
*on her own behalf and on behalf of others similarly situated*

                              Plaintiff,
                                v.
YAN ZHI HOTEL MANAGEMENT INC.
      d/b/a Howard Johnson Hotel,
MAYFLOWER INTERNATIONAL HOTEL GROUP INC
    d/b/a Mayflower Hotel,
    d/b/a Wyndham Garden, and
    d/b/a Howard Johnson Hotel;
MAYFLOWER BUSINESS GROUP, LLC
      d/b/a Mayflower Hotel, and
      d/b/a Wyndham Garden;
MAYFLOWER INN CORPORATION
      d/b/a Howard Johnson Hotel;
MAYFLOWER WENYU LLC
      d/b/a Mayflower Hotel, and
      d/b/a Wyndham Garden;
MAYFLOWER 1-1 LLC
      d/b/a Howard Johnson Hotel,
WEIHONG HU
   a/k/a Wei Hong Hu;
XIAOZHUANG GE
     a/k/a Xiao Zhuang Ge; and
HENLEY LIANG
                              Defendants.
-------------------------------------------------------------------x

Case No. 23-cv-05405

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

<u>**COMPLAINT**</u>

**DEMAND FOR JURY TRIAL**

Plaintiff JEANNETTE FIGUEROA (hereinafter "Plaintiff" or "Jeannette"), on her own

behalf and on behalf other similarly situated, by and through her attorneys, Troy Law, PLLC

hereby brings this complaint against Defendants YAN ZHI HOTEL MANAGEMENT INC.

d/b/a Howard Johnson Hotel, MAYFLOWER INTERNATIONAL HOTEL GROUP, INC. d/b/a

Mayflower Hotel d/b/a Wyndham Garden (hereinafter "Wyndham Garden"); MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, MAYFLOWER INN CORPORATION d/b/a Howard Johnson Hotel (hereinafter "Howard Johnson Hotel), MAYFLOWER WENYU LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, MAYFLOWER 1-1 LLC d/b/a Howard Johnson Hotel, (collectively with Wydham Garden referred to as "Corporate Defendants"); WEIHONG HU a/k/a Wei Hong Hu (hereinafter "Werihong Hu"); XIAOZHUANG GE a/k/a Xiao Zhuang Ge (hereinafter "Xiaozhuang Ge") and HENLEY LIANG (hereinafter "Henley Liang") (collectively with Weihong Hu referred to as "Individual Defendants") (collectively with Corporate Defendants referred to as "Defendants") and alleges as follows:

## INTRODUCTION

1. JEANNETTE FIGUEROA brings this action on behalf of herself as well as others similarly situated, against the Defendants for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, of the Wage Theft Prevention Act ("WPTA") and Minimum Wage Act ("MWA") incorporated in the New York Labor law ("NYLL"), N.Y. Lab. L. §§ 190 *et seq.*, 650 *et seq.* and the Minimum Wage Order for Miscellaneous Industries and Occupations ("Wage Order"), 12 N.Y.C.R.R. § 142, arising from Defendants various willful, malicious, and unlawful employment policies, patterns and/or practices.

2. JEANNETTE FIGUEROA alleges pursuant to the FLSA that she is entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages and/or (3) attorneys' fees and costs.

3. JEANNETTE FIGUEROA alleges pursuant to the NYLL and the Wage Order that she is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated

damages; (3) up to $5,000.00 for failure to provide wage statements compliant with Section 195.3 of the NYLL with each payment of wages, reasonable attorney fees, and costs, pursuant to Section 198.1-d of the NYLL; (4) pre-judgement and post-judgement interest, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this controversy pursuant to Section 216(b) of the FLSA, and 28 U.S.C. § 1331, and has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

5. The Court has personal jurisdiction over the Defendants because they are citizens and residents of the State of New York who are domiciled in and conduct business in the State of New York.

6. Venue is proper in the United States District Court for the Eastern District of New York pursuant to Section 1391, Subsections (b) and (c) of Title 28 of the United States Code, because Defendants conduct business in the Eastern District of New York, and because the acts and omissions giving rise to the claims alleged herein took place within the Eastern District of New York.

## PLAINTIFF

7. JEANNETTE FIGUEROA was employed by Defendants to work as an Assistant Manager at the Howard Johnson Hotel, located at 3859 12th Street Long Island City, NY 11101.

## DEFENDANTS

*Corporate Defendants*

8. Defendant MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Howard Johnson Hotel is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-59 12th Street, Long Island City, NY 11101.

9. Defendant MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden is a domestic business corporation organized under the laws of the State of New York with a principal address at 61-27 186th Street, Fresh Meadows, NY 11365.

10. Defendant MAYFLOWER INN CORPORATION d/b/a Howard Johnson Hotel is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-59 12th Street, Long Island City, NY 11101.

11. Defendant MAYFLOWER WENYU LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden is a domestic business corporation organized under the laws of the State of New York with a principal address at 61-27 186th Street, Fresh Meadows, NY 11365.

12. Defendant YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-61 12th Street, Long Island City, NY 11101.

13. Defendant MAYFLOWER 1-1 LLC d/b/a Howard Johnson Hotel is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-59 12th Street, Long Island City, NY 11101.

*Owner/Operator Defendants*

14. WEIHONG HU a/k/a Wei Hong Hu is the owner and the service of process person for Howard Johnson Hotel and the Chief Executive Officer for both Corporate Defendants.

15. WEIHONG HU a/k/a Wei Hong Hu was, throughout the period relevant to this lawsuit, a day-to-day manager for both Corporate Defendants and was known to the Plaintiff as the "boss."

16. WEIHONG HU a/k/a Wei Hong Hu, throughout the period relevant to this lawsuit, hired many of the employees who worked at both corporate Defendants locations, and had the power to fire them; determined the schedules and conditions of employment for each of the employees who worked for Corporate Defendants; determined the pay rates for many of the employees who worked for Corporate Defendants, and gave them their pay; and kept records for Corporate Defendants.

17. For instance, WEIHONG HU a/k/a Wei Hong Hu fired former employee LIYOU XING, who worked for defendants.

18. WEIHONG HU a/k/a Wei Hong Hu also distributed the salaries to the managers of YAN ZHI HOTEL MANAGEMENT, INC.

19. As one of the owner of Corporate Defendants, WEIHONG HU a/k/a Wei Hong Hu delegated the salary determination power to the managers of Corporate Defendants.

20. As one of the owners of Corporate Defendants, WEIHONG HU a/k/a Wei Hong Hu delegated the power to determine other employees' schedules to the managers of Corporate Defendants.

21. WEIHONG HU a/k/a Wei Hong Hu decided on the salaries of the managers of Corporate Defendants.

22. WEIHONG HU a/k/a Wei Hong Hu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL, N.Y. Lab. L. § 2, and the Wage Order, and is jointly and severally liable

with MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, MAYFLOWER INN CORPORATION d/b/a Howard Johnson Hotel, MAYFLOWER WENYU LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, and MAYFLOWER 1-1 LLC d/b/a Howard Johnson Hotel.

23. WEIHONG HU a/k/a Wei Hong Hu is jointly and severally liable with Corporate Defendants.

24. XIAOZHUANG GE a/k/a Xiao Zhuang Ge managed the construction work for Defendants, including construction work by former employees LIYOU XING and WINGKIT LOI.

25. XIAOZHUANG GE a/k/a Xiao Zhuang Ge acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL, N.Y. Lab. L. § 2, and the Wage Order, and is jointly and severally liable with MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, MAYFLOWER INN CORPORATION d/b/a Howard Johnson Hotel, MAYFLOWER WENYU LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, and MAYFLOWER 1-1 LLC d/b/a Howard Johnson Hotel.

26. HENLEY LIANG is the manager at the Howard Johnson Hotel.

27. HENLEY LIANG was, throughout the period relevant to this lawsuit, a day-to-day manager at both Corporate Defendants and was known to plaintiff as the boss.

28. HENLEY LIANG interviewed JEANNETTE FIGUEROA.

29. HENLEY LIANG hired JEANNETTE FIGUEROA.

30. HENLEY LIANG throughout the period relevant to this lawsuit hired each of

the employees who worked at both corporate Defendants locations and had the power to fire them; determined the schedules and conditions of employment for each of the employees who worked at Corporate Defendants; determined the pay rates for each of the employees who worked at Corporate Defendants and gave them their pay; and kept records for Corporate Defendants.

31.     HENLEY LIANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL, N.Y. Lab. L. § 2, and the Wage Order, and is jointly and severally liable with MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, MAYFLOWER INN CORPORATION d/b/a Howard Johnson Hotel, MAYFLOWER WENYU LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, and MAYFLOWER 1-1 LLC d/b/a Howard Johnson Hotel.

## COLLECTIVE ACTION ALLEGATIONS

32.     JEANNETTE FIGUEROA brings this action individually and on behalf of all other current and former non-exempt workers employed by Defendants over the three years preceding the filing of this Complaint, through entry of judgment in this case (the "Collective") and who were not paid their promised wages and/or not paid overtime for hours performed in excess of forty (40) hours in a workweek.

## CLASS ACTION ALLEGATIONS

33.     JEANNETTE FIGUEROA brings her state-law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other current and former non-exempt workers employed by Defendants over the six years preceding the filing

of this Complaint, through entry of judgment in this case (the "Class") on behalf of current and former non-exempt workers who were not paid their promised wages and/or not paid overtime for hours performed in excess of forty (40) hours in a workweek.

34. The Class members are readily ascertainable. The Class members' number, names, addresses, positions held, hours assigned and worked, and rates of pay are determinable from Defendants' records. Notice can be provided by means permissible under Rule 23.

*Numerosity*

35. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

36. Although the precise number of such persons is unknown, and the facts on which the calculation of the precise number are presently within the sole control of Defendants, upon information and belief, there are more than 40 members of the Class

*Commonality*

37. There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including: (1) whether Defendants employed the Class members within the meaning of New York law; (2) whether the Class members were paid less than the minimum wage; (3) whether the Class members were paid overtime; (4) whether the Class members were paid an extra hour's pay at the minimum wage for each day their spread of time exceeded 10 hours; (5) whether the Class members were provided with wage statements adequate under Section 195.3 of the NYLL; and (6) at what common rate, or rates subject to common method of calculation, were and are Defendants required to pay Class members.

*Typicality*

38. JEANNETTE FIGUEROA's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief that would be sought by any Class member in a separate action.

39. All the Class members were subject to the same policy and practice of denying minimum wages, overtime, and spread of hours compensation.

40. Defendants' policy and practice affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

41. JEANNETTE FIGUEROA and the other Class members sustained similar losses, injuries, and damages arising from the same unlawful policy and practice.

*Adequacy*

42. JEANNETTE FIGUEROA is fairly and adequately able to protect the interests of the Class and has no interests antagonistic to the Class.

43. JEANNETTE FIGUEROA is represented by attorneys who are experienced and competent in representing similar Plaintiffs in both class actions and wage-and-hour employment litigation

*Superiority*

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

45. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

46. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

47. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

48. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

49. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.

51. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

52. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

53. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks

## STATEMENT OF FACTS

### *Corporate Defendants Constitute an Enterprise*

54. Corporate Defendants MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, MAYFLOWER INN CORPORATION d/b/a Howard Johnson Hotel, MAYFLOWER WENYU LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, and MAYFLOWER 1-1 LLC d/b/a Howard Johnson Hotel constitute a single enterprise as the term is defined by 29 USC §203(r).

55. Defendants operating a hotel and restaurant at the same location shared staff, including former employee LIYOU XING (construction worker at Mayflower Hotel and chef at affiliated restaurant Wyndham Garden)

56. Defendants transfer staff between locations to work on a more or less permanent basis, including former employees WINGKIT LOI, JUNHUI YAN, and JUNHUA YU.

57. Defendants assign trainee workers, including former employee LIYOU XING, who worked in one location on a more or less permanent basis, to learn the job at an alternative location under more experienced staff.

58. To illustrate, former employee LIYOU XING was assigned to the Howard Johnson Hotel at 38-59 12th Street, Long Island City, NY 11101 to learn how to make breakfast by the

Manager "Ah Mei Chen" prior to the opening of the Wyndham Garden restaurant inside the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

59. While former employee LIYOU XING worked for the Wyndham Garden, he was paid by checks issued by YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel and MAYFLOWER WENYU LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden.

60. Defendants advertise (on business cards) the Corporate Defendants as an enterprise.

61. Defendants are co-owned by the same partners, namely Individual Defendants WEI HONG HU and XIAOZHUANG GE.

62. The Mayflower Hotel owns the Hotels doing business as "Mayflower Hotel" and Restaurants doing business as "Wyndham Garden" inside the Mayflower Hotels.

63. The single enterprise is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

64. The enterprise purchased and handled goods moved in interstate commerce.

65. At all relevant times, the work performed by Plaintiff FIGUEROA was directly essential to the enterprise's operations.

66. Wyndham Hotel and Howard Johnson were jointly operated by the Individual defendant WEIHONG HU a/k/a Wei Hong Hu, who centralized, controlled, and implemented a unified scheme of labor relations.

67. WEIHONG HU a/k/a Wei Hong Hu is the Chief Executive Officer for both Corporate Defendants MAYFLOWER INTERNATIONAL HOTEL GROUP, INC. and YAN ZHI HOTEL MANAGEMENT, INC.

68. Plaintiff was paid interchangeably by MAYFLOWER INTERNATIONAL HOTEL GROUP, INC. and YAN ZHI HOTEL MANAGEMENT, INC. and received pay stubs that would name either corporation as the payor.

69. Defendants advertise (on business cards) the Corporate Defendants as an enterprise.

70. The enterprise comprised of the Corporate Defendants' businesses engaged in interstate commerce that had gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

71. The enterprise purchased, handled, and moved goods in interstate commerce.

72. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Corporate Defendants.

*Wage-and-Hour Claims*

73. As the assistant manager, JEANNETTE FIGUEROA worked under the direct supervision of HENLEY LIANG.

74. Defendants did not post the labor law notice posters required by Section 516.4 of the Title 29 of the Code of Federal Regulations or Section 142-2.8 of the Wage Order.

75. Plaintiff was employed by Defendants as an Assistant manager from on or around April 02, 2021 to on or around September 15, 2021 at the Howard Johnson Hotel located at 38-59 12th Street Long Island City NY 11101.

76. The Howard Johnson hotel had 11 floors and 140 rooms.

77. Throughout her period of employment from on or about April 05, 2021, to September 15, 2021, Plaintiff regularly worked around forty-seven and a half (47.5) hours per week: 15:00 hours (03:00 PM) to through 24:30 (00:30 the next morning) for five days a week.

78. In addition, Plaintiff stayed after for around half (.5) hours each day.

79. Plaintiff worked for six (6) days a week approximately 4 times during her employment with Defendants; and seven (7) days a week for more than 5 times during her employment with Defendants.

80. At all relevant times, Plaintiff did not have regularly scheduled meal or rest breaks during her shifts and was not wholly relieved from her work at any time during the day to rest or eat.

81. Throughout her period of employment from April 05, 2021 to September 15, 2021, Plaintiff received a flat compensation rate of fifteen dollars ($15.00) per hour.

82. On days when Plaintiff worked over ten (10) hours in a workday, she was not paid any spread-of-hours compensation.

83. Plaintiff was not paid overtime compensation at the 1.5 times the regular rate bur rather at the regular rate.

84. Plaintiff's last paycheck from Defendants was bounced by the bank.

85. Defendants committed the foregoing acts knowingly, intentionally, willfully, and maliciously against Plaintiff, the collective and the class.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violation of N.Y. LAB. L. § 191—failure to pay wages timely
### Brought on behalf of Plaintiff and Rule 23 Class]

86. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. Section 191.1(a)(i) of the NYLL provides in relevant part that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages were earned."

88. Due to missed payments over the course of Plaintiff's employment, Plaintiff was not paid and has not been paid about five hundred forty three dollars and eighty seven cents ($543.87) within the time limit established by Section 191.1(a)(i) of the NYLL.

89. Section 198.1-a of the NYLL provides in relevant part that "[i]n any action instituted in the courts upon a wage claim by an employee [] in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

90. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay Plaintiff all his wages timely.

## COUNT II.
### [Violation of 29 U.S.C. § 207(a)(1)—Failure to Pay Overtime Brought on Behalf of the Plaintiff and the Class]

91. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92. Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

93. Throughout her employment, JEANNETTE FIGUEROA was paid a flat salary or commission that did not include additional pay at time-and-a-half for overtime.

94. Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

95. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay JEANNETTE FIGUEROA overtime.

### COUNT III.
**[Violation of 12 N.Y.C.R.R. § 142-2.2—Failure To Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]**

96. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97. Section 659 of the NYLL authorizes the Commissioner of Labor to issue minimum wage orders, including the Wage Order.

98. Section 142-2.2 of the Wage Order provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of… the Fair Labor Standards Act."

99. Throughout her employment, JEANNETTE FIGUEROA was paid a flat compensation rate that did not include any additional pay at time-and-a-half for overtime.

100. Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and

rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."

101. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay JEANNETTE FIGUEROA overtime.

## COUNT IV.
### [Violation of New York Labor Law—Spread of Time Pay Brought on behalf of Plaintiff and Rule 23 Class]

102. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

103. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

104. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]

105. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

106. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

107. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

108. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

109. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

  c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

  d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

  e)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

  f)  An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

  g)  A declaratory judgment that the practices complained of herein are unlawful under federal and state wage-and-hour law;

  h)  Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

  i)  An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

  j)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

k) The cost and disbursements of this action;

l) An award of prejudgment and post-judgment fees;

m) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

n) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all questions of facts.

Dated: Flushing, New York

July 17, 2023

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*
/s/ John Troy
John Troy
Aaron Schweitzer
Tiffany Troy